MINNIE R. CASE, APPELLANT, v. MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF BOONTON, RESPONDENT.

Submitted December 6, 1920—Decided February 28, 1921.

1. The Court of Errors and Appeals has the right, under the constitution, to hear cases on writ of error to the Supreme Court, and an appeal under the Practice act of 1912 can be, in substance, only a writ of error under another name.
2. In a proceeding to assess damages for lands and real estate taken or damaged by a public improvement, the assessment of damages involves the property as a *res*, regardless of the number of owners or the nature of their estate, and is not to be treated as if it were an action of tort.

On appeal from the Supreme Court.

For the appellant, *Claude Garrison.*

For the respondent, *Harold A. Price.*

The opinion of the court was delivered by

SWAYZE, J. The town of Boonton undertook to grade, curb and pave a sidewalk. Pending the construction work, the appellant acquired title to land that was damaged by the improvement. The board of assessment made an award of damages which was unsatisfactory to her. She appealed to the Supreme Court, pursuant to section 19 of the charter of Boonton. *Pamph. L.* 1872, *p.* 814. An order was made by a Supreme Court justice on consent of counsel that a trial by jury be had to assess the damages anew for lands and real estate taken or damaged by the improvement. The learned trial judge thought that Mrs. Case could only recover damages done to her property subsequent to the time she bought, and charged that the only question for the jury was what damages Mrs. Case suffered by the work that was done on the property after she purchased it. The appellant had no evidence on that point and her appeal was dismissed, with costs, and judgment entered to that effect. She appealed to this court.

The respondent moves to dismiss the appeal on the ground that the charter of Boonton does not authorize an appeal from the Supreme Court to this court. The answer is that this court has the right under the constitution to hear cases on writ of error to the Supreme Court, and an appeal under the new Practice act can be in substance only a writ of error under another name. Article 6, section 1 of the constitution provides that the judicial power shall be vested in a Court of Errors and Appeals in the last resort in all causes as heretofore. The practice is old and unvaried for this court to take appellate jurisdiction over Supreme Court judgments, and our jurisdiction was substantially recognized by the language

used in *Harris* v. *Vanderveer's Executors,* 21 *N. J. Eq.* 424 (at *p.* 428). The motion must be denied.

On the meritorious question we are forced to differ from the learned trial judge. He seems to have been led to his conclusion by the fact that in the present case the award is only for damages, and he treated the case as if it were an action of tort. It is not, however, an *action* for damages brought by the property owner. It is an *assessment* of damages which the town must ascertain and pay in order to acquire title or avoid an action and no question of damages for a tort is involved. The charter of Boonton deals with damages in the same section and the same language as it deals with the value of the lands taken. The very order to which the respondent consented directed that the jury assess the damages anew for lands and real estate "taken or damaged." This is the language of condemnation proceedings which the municipality is obliged to take to avoid interfering with the constitutional rights of the property owner. It is not the language of an action of tort brought by the property owner to secure redress for a trespass.

In such a proceeding it is well settled that the assessment of damages involves the property as a *res,* regardless of the number of owners or the nature of their estates. *Bright* v. *Platt,* 32 *N. J. Eq.* 362; *Herr* v. *Board of Education,* 82 *N. J. L.* 610. Further citation of authority is unnecessary.

Let the judgment be reversed and the record remitted to the Supreme Court for a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 16.